UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ERIC PRINCE HOLTON,

        Plaintiff,

  v.                                      Case No. 08-CV-616

STATE OF MONTANA, STATE OF NEVADA,
STATE OF WISCONSIN,
MONTANA BOARD OF PRISON COMMISSIONERS,
NEVADA BOARD OF PRISON COMMISSIONERS,
WISCONSIN BOARD OF PRISON COMMISSIONERS,
MONTANA DEPARTMENT OF CORRECTIONS,
NEVADA DEPARTMENT OF CORRECTIONS,
WISCONSIN DEPARTMENT OF CORRECTIONS,
KATHLEEN EVANS, ROBERT JONES,
MIKE MAHONEY, RICK DAY, STEVEN MCARTHER,
CORRECTIONAL MEDICAL SERVICES,
THEADORE DEAMICO, JACKIE CRAWFORD,
ELVON MCDANIEL, TRANSCORE AMERICA,
MATTHEW FRANKS, RICK RAEMISCH, CATHY JESS,
T.H. WILLIAMS, CAPTAIN SCHOLKE,
COUNTY OF SHEBOYGAN, CATHERINE FARREY,
DR. HEINZL, BURTON COX, RICHARD SCHNIETER,
R. HEIDORN, WILLIAM POLLARD, DAVID BURNETT,
DR. DALEY, and JOHN DOES (1-10),

        Defendants.
_____

## ORDER

On July 16, 2008, pro se plaintiff Eric Prince Holton, a prisoner at Green Bay Correctional Institution, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was infected with tuberculosis during incarceration. In connection with his complaint, Holton filed a motion for leave to proceed in forma pauperis.

Under the Prison Litigation Reform Act (PLRA), which amended the in forma pauperis statute, a prisoner must pay the applicable filing fees in full for a civil action. *See* 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $350.00 filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action or appeal in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. *See* 28 U.S.C. § 1915(a)(2). The court then will assess and, when funds exist, collect from the prisoner at the time the action or appeal is filed an initial partial filing fee. The initial partial filing fee is 20 percent of either the average monthly deposits to or average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint or appeal, whichever is greater. *See* 28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of 20 percent of the preceding month's income ("income" consists of all deposits from whatever source, including gifts and bequests, *see Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998)) until the filing fee is paid in full, *see* 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less. *See* 28 U.S.C. § 1915(b)(2). The prisoner is obligated to

-2-

Case 2:08-cv-00616-JPS   Filed 07/21/08   Page 2 of 5   Document 3

pay the entire $350.00 filing fee whether or not this action is later dismissed by the court or otherwise resolved.

Along with his request to proceed in forma pauperis, the plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that for the six-month period immediately preceding the filing of his complaint, the average monthly deposit to Holton's prison account was $7.93 and the average monthly balance of the account was $0.50. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Holton is required to pay an initial partial filing fee of $1.59. Subsequent payments will be calculated and collected pursuant to 28 U.S.C. § 1915(b)(2).

Holton shall pay the initial partial filing fee of $1.59 to the clerk of this court within 20 days of the date of this order. Failure to pay the initial partial filing fee within the time specified may result in dismissal of this matter with prejudice pursuant to Civil Local Rule 41.3 (E.D. Wis.) and Federal Rule of Civil Procedure 41(b).

After Holton has paid the initial partial filing fee, the court will determine whether the action can continue to proceed in forma pauperis. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet these standards, the action will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Whether or not the complaint is dismissed at this stage, the plaintiff must pay the entire $350.00 filing fee.

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma pauperis unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this action is later dismissed for any of the above reasons, it will have an impact on Holton's ability to bring other actions in forma pauperis. Accordingly, the plaintiff will be afforded an opportunity to dismiss this action voluntarily in order to avoid the possibility of incurring a "strike" under §1915(g).

If Holton does not wish to pay the filing fee as set forth in this order or does not wish to proceed with this action in order to avoid the possibility of incurring a "strike" under § 1915(g), he must notify the court by letter to the clerk within 20 days of the date of this order, stating that he does not wish to prosecute this civil action. If the plaintiff elects to write a letter withdrawing his lawsuit, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g).

Accordingly,

**IT IS ORDERED** that within 20 days of the date of this order, the plaintiff shall forward to the clerk of this court the sum of $1.59 as an initial partial filing fee in this action.

The plaintiff's failure to comply with this order may result in dismissal of this action. A copy of this order will be sent to the warden of Oshkosh Correctional Institution and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, WI 53707-7857.

Dated at Milwaukee, Wisconsin, this 21st day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge