# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC PRINCE HOLTON a/k/a Bruce Walker,

    Plaintiff,

v.                                                  Case No. 08-C-0616

STATE OF MONTANA, STATE OF NEVADA,
STATE OF WISCONSIN,
MONTANA BOARD OF PRISON COMMISSIONERS,
NEVADA BOARD OF PRISON COMMISSIONERS,
WISCONSIN BOARD OF PRISON COMMISSIONERS,
MONTANA DEPARTMENT OF CORRECTIONS,
NEVADA DEPARTMENT OF PRISONS,
WISCONSIN DEPARTMENT OF CORRECTIONS,
KATHLEEN EVANS, ROBERT JONES, MIKE MAHONEY,
RICK DAY, STEVEN MCARTHUR,
CORRECTIONAL MEDICAL SERVICES,
THEADORE DEAMICO, JACKIE CRAWFORD,
ELVON K MCDANIEL, TRANSCORE AMERICA,
MATTHEW J FRANKS, RICK RAEMISCH,
CATHY JESS, T H WILLIAMS, CAPTAIN SCHOLKE,
SHEBOYGAN COUNTY, CATHERINE FARLEY,
DR HEINZ, BURTON COX, RICHARD SCHNEITER,
R HEIDORN, WILLIAM POLLARD, DAVID BURNETT,
DR DALEY, and JOHN DOES 1-10,

    Defendants.

## ORDER

The plaintiff, Eric Prince Holton, who is incarcerated at Green Bay Correctional Institution (GBCI), lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In an order dated December 22, 2008, this court found that the plaintiff has accumulated three "strikes" under 28 U.S.C. § 1915(g) and, therefore, denied the plaintiff's motion for leave to proceed *in forma*

*pauperis*. The court also noted that the plaintiff does not allege in his complaint that he is under imminent danger of serious physical injury. The court ordered the plaintiff to pay the remainder of the filing fee within 30 days and also warned him that his failure to comply with the order would result in dismissal of this action.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

The plaintiff has now filed a motion asking the court to reconsider allowing plaintiff to proceed *in forma pauperis*.[1] The plaintiff supports his motion to reconsider with a lengthy affidavit and supporting exhibits, in which he asserts that he "has been denied adequate medical care by the defendants and as a result he is in imminent danger of serious physical injury and death ...."

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"

---

[1] In addition to his motion to reconsider, the plaintiff includes a request for a preliminary injunction ordering the Wisconsin Department of Corrections (DOC) to obtain all of the plaintiff's medical records, and an injunction ordering the Wisconsin DOC to have plaintiff seen by an outside specialist. The plaintiff also asks the court to appoint both counsel and an expert witness.

2

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).  In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

The plaintiff's original complaint, filed July 16, 2008, contained no assertion of imminent danger.  As such, the order directing the plaintiff to pay the remainder of the filing fee to proceed with this case was not clearly erroneous.  To the extent the court construes the plaintiff's motion as one for reconsideration, the court will deny the motion.

The court suspects that the plaintiff received the December 22, 2008 order outlining his three "strikes" and submitted his declaration in support of motion to reconsider in an attempt to supplement his complaint with the only allegations that would allow this case to proceed without prepayment of the filing fee.  However, the plaintiff has not brought a motion to amend his complaint under Federal Rule of Civil Procedure 15(a) or a motion to supplement his complaint under Rule 15(d).  Judicial decisions to grant or deny motions under both rules require the court to weigh the fairness of allowing the plaintiff to amend or supplement the complaint.

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

3

In the interest of fairness, the court will give the plaintiff one opportunity to file an amended complaint that sets forth all of his allegations, including any allegation that he is under imminent danger.[2] The court will then evaluate the amended complaint to determine whether the plaintiff has alleged some type of imminent physical injury. *See* 28 U.S.C. § 1915(g). The court reminds the plaintiff that an amended complaint supersedes the prior complaint. *See Duda v. Board of Ed. Of Franklin Park Public School District No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). Therefore, the plaintiff's amended complaint must incorporate the allegations set forth in his initial complaint. Any matters not set forth in the amended complaint are, in effect, withdrawn. *See id.*

The plaintiff shall file his amended complaint on or before **Friday, March 13, 2009**. If the plaintiff does not file an amended complaint on or before that date, the court will dismiss this case.

## PLAINTIFF'S MOTION TO APPOINT COUNSEL

The plaintiff also has a previously pending motion to appoint counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647,

---

[2]In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)("The 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'threat . . . real and proximate.'" )).

653 (7th Cir.2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir.1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993)).

The plaintiff makes the blanket statement in his motion that he has unsuccessfully attempted to obtain legal counsel on his own, and his declaration in support of the motion indicates that he has attempted to secure counsel in Montana, Nevada and Wisconsin. As such, the plaintiff has met the threshold burden. Nevertheless, the issues in this case appear at this stage to be straightforward and uncomplicated, and the plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. The court will deny the plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to reconsider allowing plaintiff to proceed *in forma pauperis* (Docket #9) is hereby **DENIED**.

5

**IT IS FURTHER ORDERED** the plaintiff shall file his amended complaint on or before **Friday, March 13, 2009**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel (Docket #4) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge